SAEED GHAFOORI
GISSOU BEYKPOUR GHAFOORI
11 Sky Road
Mill Valley, CA 94941
(415) 235-9009
Paulghafoori@Gmail.Com

In Pro Per



**FILED**
MAR 11 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA



np

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



VC

CV26-02105

| | |
|---|---|
| SAEED GHAFOORI, an individual; and GISSOU BEYKPOUR GHAFOORI, <br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS, a business entity; BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BANK OF AMERICA HOME LOAN SERVICING, a business entity; BANK OF NEW YORK MELLON, a business entity; CWALT, INC., a business entity; MORTGAGE ELECTRONIC REGISTRATION ("MERS"), a business entity; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.:<br><br>1. **Injunctive and Declaratory Relief (Cal. Civ. Code § 2924f(f) (AB 2424))**<br>2. **Violations of HBOR (Cal. Civ. Code §§ 2923.55, 2923.6, 2923.7, 2924.12, 2924.17, et seq.)**<br>3. **Unfair Competition (Bus. & Prof. Code § 17200)**<br>4. **Negligent Misrepresentation**<br>5. **Breach of Contract – 2019 Settlement Agreement**<br>6. **Breach of the Implied Covenant of Good Faith and Fair Dealing**<br>7. **Intentional Interference with Prospective Economic Advantage**<br>8. **Slander of Title / Quiet Title-Related Declaratory Relief – as applicable**<br>9. **Cancellation of Instruments – Cal. Civ. Code § 3412, as applicable**<br>10. **Wrongful Foreclosure – Threat-** |

)  ened/Attempted; and Injunctive Relief
)  
)  11. **Declaratory Relief (Cal. Code Civ. Proc. § 1060; 28 U.S.C. §§ 2201–2202)**
)  
)  12. **Violation of RESPA, 12 U.S.C. § 2605, and Regulation X – Request for Information / Notice of Error; Failure to Timely Respond (12 C.F.R. §§ 1024.36, 1024.35; 12 U.S.C. § 2605(k), (f))**
)  
)  13. **Violation of RESPA/Regulation X - Loss Mitigation Review Duties, Reasonable Diligence, and Foreclosure Conduct (12 U.S.C. § 2605; 12 C.F.R. §§ 1024.38, 1024.41, as applicable)**

## I. NATURE OF THE ACTION

1. This action arises from Defendants' ongoing attempts to complete or resume a nonjudicial foreclosure of Plaintiffs' real property located at **11 Sky Road, Mill Valley, California 94941** (APN **034-151-18**) (the "Property"), despite Plaintiffs' timely invocation of California statutory postponement rights—most importantly the borrower-protective, purchase-agreement postponement procedure enacted through **AB 2424** and codified in **California Civil Code § 2924f(f)**—and despite additional material servicing and foreclosure-procedure violations, including under the **California Homeowner Bill of Rights ("HBOR")** and California's foreclosure notice/postponement statutes.

2. Plaintiffs obtained a bona fide purchaser and entered into a fully executed **$3,000,000** fair-market-value purchase agreement, opened escrow, and delivered the complete postponement package to Defendants at least five business days before the then-scheduled

sale date, yet Defendants refused to postpone on an interpretation Plaintiffs allege is legally wrong and defeats AB 2424's remedial purpose.

3. A trustee's sale is now scheduled for **March 18, 2026**. Unless restrained, Defendants will irreversibly extinguish Plaintiffs' statutory rights, destroy an in-progress market-value resolution that would pay the senior lien, and cause irreparable harm not adequately compensable by money damages. (Sale date alleged upon information provided to Plaintiffs and based on current foreclosure scheduling.)

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under **28 U.S.C. § 1331** because the action includes at least one claim arising under federal law (if included), including **RESPA** and its implementing regulations governing servicing and loss mitigation. This Court also has jurisdiction under **28 U.S.C. § 1367** over the related California claims forming part of the same case or controversy because they arise from the same loan servicing, foreclosure conduct, and threatened sale.

5. In the alternative, if Plaintiffs elect not to plead a federal cause of action, Plaintiffs allege supplemental and/or diversity jurisdiction as applicable based on the parties' citizenship and amount in controversy exceeding $75,000, and request leave to amend jurisdictional allegations as needed. (Plaintiffs understand certain Defendants may be California entities, which may affect diversity; Plaintiffs therefore plead federal-question jurisdiction if necessary to anchor the case in this Court.)

6. Venue is proper in this District under **28 U.S.C. § 1391** because the Property is located in this District, the foreclosure conduct was directed at and caused harm in this District, and the events and omissions giving rise to the claims occurred here.

## III. PARTIES

7. **Plaintiff Saeed (Paul) Ghafoori** is a co-owner, co-obligor, spouse, and/or beneficiary of trust arrangements associated with the Property and is named to the extent he holds an interest affected by Defendants' conduct.

8. **Plaintiff Gissou Beykpour Ghafoori** is, on information and belief, a co-owner, co-obligor, spouse, and/or beneficiary of trust arrangements associated with the Property and is named to the extent she holds an interest affected by Defendants' conduct.

9. Defendant **Bank of America Home Loans** ("BofAHL") is alleged to be a business entity involved in servicing, communications, and foreclosure direction concerning the Property.

10. Defendant **Bank of America, N.A.** ("BANA") is alleged to be the servicer and/or beneficiary and/or agent of the beneficiary that directed foreclosure activity and communicated positions regarding postponement, sale scheduling, and loss mitigation.

11. Defendant **Bank of New York Mellon** ("BNYM") is alleged to claim an interest as trustee, assignee, beneficiary, and/or investor connected to the deed of trust and the asserted right to foreclose.

12. Defendant **CWALT, Inc.** is alleged to claim an interest in the chain of title and securitization instruments relating to the deed of trust and asserted foreclosure rights.

13. Defendant **Mortgage Electronic Registration Systems, Inc. ("MERS")** is alleged to have been named as nominee/beneficiary in the deed of trust and/or involved in assignments and recorded instruments relied upon by Defendants.

14. Defendant **MTC Financial Inc. dba Trustee Corps** ("Trustee Corps") is alleged to be the substituted trustee that noticed, scheduled, and/or threatened trustee's sale activity for the Property.

15. Plaintiffs are ignorant of the true names and capacities of **Does 1–50**, inclusive, who participated in the wrongful acts alleged herein, including foreclosure counsel, document preparers, agents, servicers, trustees, investors, and entities that directed or implemented the challenged foreclosure activity. Plaintiffs will amend when ascertained.

## IV. GENERAL FACTUAL ALLEGATIONS

16. The Property is Plaintiffs' residence and a unique asset. A forced trustee's sale would irreparably harm Plaintiffs, including by eliminating equity (if any), destroying a pending market sale opportunity.

17. Defendants have pursued nonjudicial foreclosure based on a deed of trust recorded in or about **November 2005**, and on recorded instruments and assignments Plaintiffs dispute as defective, incomplete, and/or incapable of conveying a presently enforceable right to foreclose.

18. A Notice of Trustee's Sale was recorded in or around **September 2025**, initially setting a sale date for **October 15, 2025**, later postponed to **December 10, 2025**, with continued threats to sell the Property on short notice unless Plaintiffs obtained emergency court relief.

19. Plaintiffs allege that Defendants' sale notices and postponements violate California foreclosure statutes governing postponements, including the requirement that where sale proceedings are postponed beyond legally permitted time windows, Defendants must issue and record a new and valid notice before any further sale may lawfully proceed.

20. Separately and independently, Plaintiffs timely invoked California's new statutory postponement rights enacted through **AB 2424** and codified within **Civil Code § 2924f**, including the purchase-agreement postponement provisions in subsection (f).

21. In early **October 2025**, Plaintiffs provided the trustee and servicer with a **listing agreement package** and written demand invoking Civil Code § 2924f's postponement mechanism.

22. Thereafter, and before the then-scheduled sale date, Plaintiffs obtained a bona fide purchaser and entered into a **fully executed Residential Purchase Agreement** for the Property for **$3,000,000**, opened escrow, and provided proof of funds and supporting documents.

23. On or about **December 1, 2025**, Plaintiffs delivered to BANA and Trustee Corps, by multiple methods including courier and email, a complete purchase-agreement postponement package, including: (a) the fully executed purchase agreement; (b) escrow confirmation; (c) proof of funds; and (d) updated title documentation, all delivered at least **five business days** before the scheduled sale date.

24. Plaintiffs allege the $3,000,000 contract price reflects fair market value, including because it was within the bank's own indicated value range from prior valuations/BPO information communicated to Plaintiffs.

25. In or about January 27, 2026, Plaintiff requested from Defendants' counsel the current loan payoff balance for the Property at 11 Sky Road. A prospective purchaser required this information in order to evaluate and structure a fair-market-value transaction.

26. Despite the imminence of foreclosure and Plaintiff's ongoing efforts to complete a voluntary market sale, Defendants did not provide the requested payoff information until several weeks later. During this delay, the prospective purchaser informed Plaintiff that he could not proceed without confirmation of the payoff amount and ultimately withdrew his interest.

27. Defendants' delay in providing basic payoff information materially interfered with Plaintiff's ability to consummate a fair-market-value sale and further frustrated the legislative purpose of Civil Code § 2924f(f), which is to preserve equity and facilitate voluntary market transactions prior to foreclosure.

28. Plaintiffs further allege that the January 27, 2026 payoff request constituted a written request for information relating to servicing of the loan and the amount necessary to pay the loan in full, and that Defendants, as servicer and/or servicer agents, failed to respond within the time required by RESPA and Regulation X, causing actual damages including loss of a prospective sale opportunity.

29. Despite Plaintiffs' timely, statutory-compliant delivery, Defendants refused to postpone and instead asserted that Plaintiffs' purchase agreement was "insufficient" because the contract price did not equal the alleged total indebtedness—an interpretation Plaintiffs allege is legally wrong and improperly imports "credit bid" requirements that do not apply to a borrower's market sale contract delivered under Civil Code § 2924f(f).

30. In addition to the AB 2424 violations, Plaintiffs allege Defendants engaged in servicing and foreclosure misconduct actionable under HBOR, including but not limited to: (a) "dual tracking" and failure to meaningfully evaluate foreclosure alternatives; (b) failure to provide a functional single point of contact ("SPOC"); (c) recording and reliance on foreclosure documents not supported by competent and reliable evidence; and (d) proceeding with foreclosure activity while Plaintiffs were actively pursuing loss mitigation and/or statutory foreclosure avoidance mechanisms.

31. Plaintiffs further allege that, over a multi-year period, Defendants made false or misleading representations to Plaintiffs regarding loan modification, foreclosure alternatives, note/beneficiary status, and negotiations for purchase of the note and deed of trust—conduct that caused Plaintiffs to forgo protective actions, suffer credit harm, lose financing opportunities, incur expenses, and face repeated wrongful sale threats.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Injunctive and Declaratory Relief (Cal. Civ. Code § 2924f(f) (AB 2424))

32. Plaintiffs reallege all preceding paragraphs.

33. Civil Code § 2924f, as amended by AB 2424, requires a trustee to postpone a scheduled foreclosure sale when a borrower timely delivers a qualifying purchase agreement package as specified by statute. Plaintiffs allege they complied with statutory timing and delivery requirements and Defendants' refusal violates California law.

34. Unless enjoined, Defendants will continue scheduling and/or attempting to conduct a trustee's sale, destroying Plaintiffs' statutory protections and causing irreparable harm for which monetary damages are inadequate.

35. Plaintiffs seek temporary, preliminary, and permanent injunctive relief restraining any trustee's sale unless and until Defendants demonstrate full statutory compliance and a legally enforceable right to foreclose.

36. An actual controversy exists regarding (i) Plaintiffs' AB 2424 postponement rights and Defendants' statutory duties; (ii) whether any scheduled sale may proceed absent compliance with § 2924f(f) and § 2924g; and (iii) whether Defendants have demonstrated a legally enforceable right to foreclose using the threatened notice/sale posture described.

37. Defendants, including BANA through representatives, allegedly made repeated false statements regarding modification/foreclosure pathways and induced Plaintiffs to take or refrain from actions to their detriment, resulting in harm including risk of losing the home.

38. Plaintiffs seek declarations defining the parties' rights and obligations and prohibiting any sale absent strict compliance.

**SECOND CAUSE OF ACTION**
**Violations of HBOR (Cal. Civ. Code §§ 2923.55, 2923.6, 2923.7, 2924.12, 2924.17, et seq.)**

39. Plaintiffs reallege all preceding paragraphs.

40. HBOR prohibits dual tracking, requires meaningful evaluation of foreclosure alternatives, requires a functional SPOC, and requires certain foreclosure documents be supported by competent and reliable evidence.

41. Plaintiffs allege Defendants materially violated HBOR by pursuing foreclosure activity while loss mitigation review and foreclosure-prevention alternatives were pending or required, failing to provide a functioning SPOC, and recording/relying on foreclosure documents without competent and reliable evidence.

42. Plaintiffs seek relief under Civil Code § 2924.12 including injunctive relief to stop foreclosure until compliance, actual damages, statutory damages where willfulness is shown, and attorneys' fees and costs as allowed by statute.

## THIRD CAUSE OF ACTION
**Unfair Competition (Bus. & Prof. Code § 17200)**

43. Plaintiffs reallege all preceding paragraphs.

44. Defendants have engaged in unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business and Professions Code section 17200, et seq. Defendants' conduct violates Civil Code § 2924f(f), including refusing to honor the mandatory postponement triggered by Plaintiffs' bona fide fair-market-value purchase agreement and proceeding toward foreclosure without complying with statutory fair-market-value protections.

45. Independently, Defendants' conduct is unfair because it undermines the Legislature's express purpose of preserving homeowner equity and facilitating voluntary market sales

prior to foreclosure. Defendants' actions - including delaying payoff information required by prospective purchasers, maintaining active foreclosure notices during statutory postponement periods, and violating federal servicing duties under RESPA/Regulation X - tilt the foreclosure process unfairly in Defendants' favor and materially impair borrowers' ability to complete fair-market-value transactions. Defendants' conduct is likely to mislead reasonable consumers by signaling that foreclosure is inevitable and imminent while statutory postponement rights are in effect, thereby discouraging legitimate market offers. Plaintiffs seek equitable relief, including injunctive and declaratory relief, restitution where available, and all other relief authorized under Business and Professions Code section 17203.

## FOURTH CAUSE OF ACTION
### Negligent Misrepresentation

46. Plaintiffs reallege all preceding paragraphs.

47. Defendants represented material facts without reasonable grounds, including representations regarding valuation, postponement requirements, negotiations to purchase the note/deed of trust, and foreclosure alternatives. Plaintiffs reasonably relied, resulting in damages.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract – 2019 Settlement Agreement)

48. Plaintiffs reallege and incorporate paragraphs 1–37.

49. Plaintiffs and certain Defendants entered into a settlement agreement around April 2019 that included confidentiality obligations and foreclosure timing/standstill provisions

designed to permit Plaintiffs to pursue a market sale without the chilling effect of foreclosure notices.

50. Plaintiffs performed or were excused from performance.

51. Defendants breached the settlement agreement, including by disclosing confidential terms/information to third parties and/or taking foreclosure actions inconsistent with the settlement's intended protections.

52. Plaintiffs suffered damages and seek contract remedies, including injunctive relief and attorneys' fees if provided by contract and/or statute.

### SIXTH CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

53. Plaintiffs reallege and incorporate paragraphs 1–52.

54. Every contract includes an implied covenant that neither party will do anything to deprive the other of the benefits of the agreement.

55. Defendants' conduct—maintaining foreclosure posture to chill market sale efforts, refusing to honor statutory postponement protections, and taking positions that nullify the agreement's intended benefits—breached the implied covenant.

56. Plaintiffs suffered damages and seek all available remedies.

57. And other damages.

### SEVENTH CLAIM FOR RELIEF
### (Intentional Interference with Prospective Economic Advantage)

58. Plaintiffs reallege and incorporate paragraphs 1–56.

59. Plaintiffs had prospective economic relationships with potential buyers and/or an actual transaction pathway toward a fair-market sale.

60. Defendants knew of these relationships and engaged in wrongful conduct independent of the interference itself, including disclosing confidential settlement information and maintaining foreclosure advertising/notice posture that chilled bids and undermined Plaintiffs' market sale.

61. Defendants' acts disrupted these relationships and caused damages.

## EIGHTH CLAIM FOR RELIEF
### (Slander of Title / Quiet Title-Related Declaratory Relief – as applicable)

62. Plaintiffs reallege and incorporate paragraphs 1–60.

63. To the extent Defendants recorded and published foreclosure instruments and notices that Plaintiffs contend were unauthorized, stale, or legally defective, such publications disparaged Plaintiffs' title and clouded the Property.

64. Plaintiffs seek declaratory relief, injunctive relief, and damages as permitted.

## NINTH CLAIM FOR RELIEF
### (Cancellation of Instruments – Cal. Civ. Code § 3412, as applicable)

65. Plaintiffs reallege and incorporate paragraphs 1–64.

66. Plaintiffs seek cancellation of any void or voidable recorded instruments (including notices) that are causing serious injury and which were issued/recorded without legal authority or in violation of statute.

///

///

## TENTH CLAIM FOR RELIEF
### (Wrongful Foreclosure – Threatened/Attempted; and Injunctive Relief)

67. Plaintiffs reallege and incorporate paragraphs 1–66.

68. Defendants have threatened and are attempting to complete a foreclosure sale without strict statutory compliance and without honoring mandatory postponement protections and servicing safeguards.

69. Plaintiffs seek injunctive relief to prevent an unlawful sale and all other remedies allowed.

## ELEVENTH CAUSE OF ACTION
### Declaratory Relief (Cal. Code Civ. Proc. § 1060; 28 U.S.C. §§ 2201–2202)

70. An actual controversy exists regarding (i) Plaintiffs' AB 2424 postponement rights and Defendants' statutory duties; (ii) whether any scheduled sale may proceed absent compliance with § 2924f(f) and § 2924g; and (iii) whether Defendants have demonstrated a legally enforceable right to foreclose using the threatened notice/sale posture described.

71. Plaintiffs seek declarations defining the parties' rights and obligations and prohibiting any sale absent strict compliance.

## TWELFTH CAUSE OF ACTION
### Violation of RESPA, 12 U.S.C. § 2605, and Regulation X – Request for Information / Notice of Error; Failure to Timely Respond (12 C.F.R. §§ 1024.36, 1024.35; 12 U.S.C. § 2605(k), (f))

73. Plaintiffs reallege and incorporate by reference all prior paragraphs as though fully set forth herein.

74. Defendant Bank of America, N.A. ("BANA") was at all relevant times the mortgage loan "servicer" within the meaning of 12 U.S.C. § 2605(i)(2), or acted through agents and

subservicers whose conduct is attributable to it for purposes of RESPA and Regulation X. Plaintiffs are informed and believe that BANA maintained responsibility for responding to borrower servicing correspondence and providing payoff-related servicing information necessary to complete a foreclosure-avoidance transaction.

75. On or about January 27, 2026, Plaintiffs transmitted a written request for information to Defendants and/or their authorized agents seeking the current payoff amount and related servicing information necessary to evaluate and consummate a voluntary fair-market-value sale of the Property in advance of a threatened trustee's sale. The request sought information relating to the amount required to satisfy the loan and related servicing details required to complete a transaction that would pay the loan and stop foreclosure activity.

76. Plaintiffs' written request constituted a "request for information" within the meaning of Regulation X, 12 C.F.R. § 1024.36(a), and/or a "notice of error" under 12 C.F.R. § 1024.35(a) to the extent Defendants' failure or refusal to provide payoff information in a timely manner constituted an error in the servicing of the loan and/or in foreclosure-prevention processing. The request related to information Defendants regularly maintain in connection with servicing and payoff processing and which borrowers reasonably require to pursue foreclosure avoidance.

77. Under 12 U.S.C. § 2605(k)(1)(E) and Regulation X, Defendants were required to respond to Plaintiffs' request in the manner and time required by law, including by timely acknowledging receipt (where required) and providing a substantive response after reasonable investigation within the applicable time limits, or by providing a lawful, timely statement of the basis for any refusal.

78. Defendants failed to provide the requested payoff information and servicing response within the time required by applicable federal servicing standards and instead delayed for several weeks despite the imminence of foreclosure and Plaintiffs' ongoing efforts to finalize a voluntary sale, thereby obstructing Plaintiffs' foreclosure-avoidance efforts.

79. As a direct and proximate result of Defendants' noncompliance, Plaintiffs suffered actual damages, including but not limited to: the loss of a specific prospective purchaser, loss of a market-value transaction opportunity, additional foreclosure-prevention expenses, additional carrying costs, and other consequential damages according to proof. Plaintiffs also suffered emotional distress and time/labor costs associated with attempting to cure Defendants' servicing failures, to the extent recoverable as actual damages under controlling law.

80. Plaintiffs are informed and believe, and based thereon allege, that Defendants' violations were not isolated mistakes but part of a broader pattern or practice of failing to timely and adequately respond to borrower requests for servicing information in foreclosure contexts, entitling Plaintiffs to statutory damages under 12 U.S.C. § 2605(f)(1)(B), in an amount to be proven at trial.

81. Plaintiffs seek actual damages, statutory damages (upon proof of pattern or practice), costs, and reasonable attorney's fees as authorized by 12 U.S.C. § 2605(f), and such declaratory and injunctive relief as is necessary to prevent continuing violations and to ensure timely servicing disclosures required to complete foreclosure-avoidance transactions.

///

## THIRTEENTH CAUSE OF ACTION
### Violation of RESPA/Regulation X - Loss Mitigation Review Duties, Reasonable Diligence, and Foreclosure Conduct (12 U.S.C. § 2605; 12 C.F.R. §§ 1024.38, 1024.41, as applicable)

82. Plaintiffs reallege all preceding paragraphs.

83. Plaintiffs allege that, while Plaintiffs were actively pursuing foreclosure alternatives, statutory postponement rights, and market-sale resolution efforts, Defendants as servicer and/or servicer agents failed to exercise reasonable diligence and to comply with applicable federal mortgage-servicing duties concerning loss mitigation review and foreclosure conduct, including duties under Regulation X, 12 C.F.R. Part 1024.

84. To the extent Defendants contend no complete loss-mitigation application was pending within the meaning of Regulation X, Plaintiffs allege in the alternative that Defendants' servicing conduct nevertheless violated RESPA-related servicing duties and forms part of the unlawful and unfair practices alleged herein, including conduct that obstructed foreclosure-prevention efforts and materially prejudiced Plaintiffs.

85. As a direct and proximate result, Plaintiffs suffered actual damages including additional fees and costs, lost opportunities to avoid foreclosure through a voluntary transaction, and increased risk of wrongful foreclosure, and Plaintiffs seek all relief available under 12 U.S.C. § 2605(f), together with related declaratory and injunctive relief to prevent continuing violations.

## V. PRAYER FOR RELIEF

Plaintiffs respectfully request:

A. Temporary, preliminary, and permanent injunctive relief restraining Defendants from noticing, advertising, conducting, or completing any trustee's sale of the Property unless and until Defendants demonstrate full compliance with Civil Code § 2924f(f), § 2924g, and HBOR, and until further order of the Court;

B. Declaratory relief under 28 U.S.C. §§ 2201–2202 and applicable California law; Actual damages according to proof, including under RESPA, 12 U.S.C. § 2605(f); statutory damages and civil penalties as authorized (including under Civil Code § 2924.12 where willfulness is established, and RESPA statutory damages for pattern-or-practice noncompliance if proven);

C. Restitution and injunctive relief under Bus. & Prof. Code § 17203;

D. Attorneys' fees and costs where authorized by statute and/or contract, including 12 U.S.C. § 2605(f); Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated: March //, 2026

Saeed Ghafoori
In Pro Per

Gissou Ghafoori
In Pro Per